UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MYRON STYLES** | **CASE NO. 6:23-CV-00346** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **UNITED FARM FAMILY MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before the Court is a MOTION TO REMAND filed by plaintiff Myron Styles. (Rec. Doc. 8). Defendants oppose remand. (Rec. Doc. 10). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion be DENIED.

### Factual Background

This suit arises from a motor vehicle accident occurring in Vermilion Parish on or about October 26, 2022. (Rec. Doc. 1-3). Plaintiff alleges he was operating a vehicle northbound on North State Street in Vermilion Parish when another vehicle operated by defendant Michael Pearce, Sr. exited a Circle-K parking lot and entered Plaintiff's lane of travel, colliding with Plaintiff's vehicle. (*Id.* at ¶ IV). Plaintiff filed suit in the Fifteenth Judicial District Court for the Parish of Vermilion, State of Louisiana on December 21, 2022, seeking compensatory and general damages for injuries, lost wages, disability, and pain and suffering. (*Id.* at ¶ IX). Plaintiff named Pearce, Indiana Farm Bureau Insurance, and United Farm Bureau Mutual Insurance Company as defendants in his suit. (*Id.* at ¶ I).

On March 15, 2023, Defendants removed the matter to this court on the basis of diversity jurisdiction. (Rec. Doc. 1). Specifically, Defendants asserted that Plaintiff's

response to Defendants' request for admission affirms that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. (Rec. Doc. 1 at pp. 3-4, citing Exhibits B and C). Defendants further asserted that complete diversity exists in this case because Plaintiff is a Louisiana citizen and domiciliary; Indiana Farm Bureau is an Indiana corporation with its principal place of business in Indiana; and Pearce is also a "citizen of and domiciled in" Indiana. (*Id.* at ¶ 11). Plaintiff filed the instant motion on March 30, 2023, seeking remand of this suit to the Fifteenth Judicial District Court. (Rec. Doc. 8).

## **Applicable Standards**

Federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007). 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal citations omitted).

> In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. Domicile requires the demonstration of two factors: residence and the intention to remain.

*Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (quoting *Preston v. Tenet Healthsystem Mem'l Med. Center, Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007) (internal citations omitted).

2

While a person may have more than one residence, he may only have one domicile. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 452 (5th Cir. 2003) ("The general rule is that '[a] person has only one domicile at a particular time.'") (quoting *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (E.D. La. 1984)). Once domicile is established, it is presumed to continue "absent sufficient evidence of change." *Acridge*, 334 F.3d at 448 (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)).

## Analysis

Plaintiff's motion asserts that Pearce is a Louisiana domiciliary, defeating diversity jurisdiction in this matter. (Rec. Doc. 8). Plaintiff claims that Pearce's domicile is reflected in the Louisiana Uniform Crash Report ("Report") completed by the officer at the scene of the accident and a related statement given by Pearce and transcribed by that same officer. (Rec. Doc. 8-4). Review of these documents confirms that Pearce gave "608 Parkway Drive, Breaux Bridge, Louisiana, 70517" as his "address" at the scene of the accident. (*Id.*).

Defendants oppose Plaintiff's motion, offering a variety of proofs which they argue demonstrate Pearce is domiciled in Indiana, despite having a residence in Louisiana. (Rec. Doc. 10). Pearce's affidavit attests that he was born in Indiana; owns and operates a paint contracting business located in Indiana; files taxes as a resident of Indiana; possesses an Indiana driver's license; and has an Indiana telephone number. (Rec. Doc. 10-1 at p. 1). The affidavit further explains that Pearce and his wife reside in Indiana "seven or more months of the year" and, when in Louisiana during colder months, reside at "a trailer with a lot located at 608 Parkway Dr., Breaux Bridge, LA 70517[.]" (*Id.*). Documents attached Defendants' motion show that the vehicle Pearce was operating at the time of the collision, a 2020 Chevrolet Silverado pickup truck, is insured by Indiana Farm Bureau Insurance under a Commercial Business Auto policy bearing the address 31 N. Blue Gill Rd., Silver Lake, Indiana 46982-9657. (Rec. Doc. 10-1 at pp. 6-7).

3

Considering the evidence offered by Defendants—which this Court notes is unrefuted by Plaintiff—Pearce is domiciled in the State of Indiana. Plaintiff's motion incorrectly equates Pearce's Louisiana residence with his domicile. Pearce affirms that he has two residences, which he uses at different times each year: one in Indiana and another in Louisiana. (*Id.* at p. 1). As explained above, federal law permits a person to maintain more than one residence but only one domicile for diversity jurisdiction purposes. Plaintiff's motion offers no evidence of a change in domicile supporting a finding that Pearce abandoned his Indiana domicile in favor of establishing a new domicile in Louisiana. Accordingly, this Court finds that Pearce is domiciled in Indiana for purposes of diversity jurisdiction.

The parties agree that the amount in controversy exceeds the $75,000.00 jurisdictional threshold as required under 28 U.S.C. § 1332. (Rec. Doc. 8-1 at p. 2). Given that Pearce is domiciled in Indiana, as is Indiana Farm Bureau Insurance, and Plaintiff is domiciled in Louisiana, this Court finds that complete diversity exists among the parties. In so finding, this Court further determines that federal subject matter jurisdiction exists in this matter. 28 U.S.C. § 1332.

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO REMAND (Rec. Doc. 8) filed by Plaintiff Myron Styles be DENIED and, accordingly, that the instant suit remain lodged on the docket of the United States District Court for the Western District of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** at Lafayette, Louisiana on this 29th day of June, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**